UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN MORRIS COHEN,

    Plaintiff,

v.                                                CASE NO. 3:13-cv-1525-J-20MCR

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Joint Motion to Seal and for Recognition of a Joint Stipulation for a Protective Order ("Motion") (Doc. 26). The Motion seeks an order approving the parties' Joint Stipulation for a Protective Order, which is attached to the Motion, and sealing four documents pursuant to the Joint Stipulation for a Protective Order. (*Id.*) For the reasons stated herein, the Motion is due to be **DENIED without prejudice**.

As an initial matter, whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential because the public has "a common-law right to inspect and copy judicial records and public documents." In re *Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). Although "material filed with discovery motions is not subject to the common-law right of access, . . . discovery material filed in connection with pretrial motions that require judicial resolution of

the merits is subject to the common-law right." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (per curiam).

Nevertheless, the public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests. *See id.* at 1313; *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re *Alexander*, 820 F.2d at 356.

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

Fed. R. Civ. P. 26(c)(1).

If the court finds that good cause exists, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *Chicago Tribune*, 263 F.3d at 1313. In balancing these interests:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Moreover, even in the absence of a third party

challenging the protection of information, the court, as "the primary representative of the public interest in the judicial process," is bound by duty "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Further, pursuant to Local Rule 1.09(a):

> Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item pursuant [to] this section shall state the particular reason the seal is required.

M.D. Fla. R. 1.09(a).

The present Motion seeks an order sealing four documents pursuant to the Joint Stipulation for a Protective Order and approval of the latter. However, it is unclear whether the subject documents would ever need to be filed with the Court. (*See* Doc. 26 at 3.) Thus, the parties have not even attempted to show "the reason that filing each item is necessary." M.D. Fla. R. 1.09(a)(ii). It is also unclear why paragraph 9 of the Joint Stipulation for a Protective Order requires

the filing of a motion to seal any time a party designates a document or testimony as "confidential." (Doc. 26-1 at 3.) While the parties certainly need to comply with Local Rule 1.09 when seeking to *file* documents under seal, many times filing is not necessary and may even violate Local Rule 3.03(d) and Rule 5(d)(1) of the Federal Rules of Civil Procedure. Therefore, the Motion is due to be denied without prejudice. Any new motion must comply with the requirements of the Local Rules and any other applicable rules and law.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 26**) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, on July 20, 2015.

*/s/ Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record