# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

STEVEN MORRIS COHEN,

    Plaintiff,

-vs-                                    Case No. 3:13-cv-1525-J-20MCR

UNITED STATES OF AMERICA,

    Defendant.
_____/

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

pursuant to this Court's Order entered on January 7, 2016, Judgment is hereby entered in favor of Defendant United States of America and against Plaintiff Steven Morris Cohen that the Plaintiff take nothing and the action be dismissed on the merits.

Date: January 11, 2016

                                              SHERYL L. LOESCH, CLERK

                                              /S/ R.Hall
                                              By : Deputy Clerk

Copy to:

Counsel of Record
Unrepresented Parties

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) Appeals from final orders pursuant to 28 U.S.C. Section 1291: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) Appeals pursuant to 28 U.S.C. Section 1292(a): Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) Appeals pursuant to judicially created exceptions to the finality rule: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

    (b) Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/04

AO 133    (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| v. | ) | Case No.: |
|  | ) |  |
|  | ) |  |

## BILL OF COSTS

Judgment having been entered in the above entitled action on _____ against _____ ,
<br>　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Date
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk ................................................................. | $ _____ |
| Fees for service of summons and subpoena ........................................... | _____ |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | _____ |
| Fees and disbursements for printing .................................................. | _____ |
| Fees for witnesses *(itemize on page two)* ............................................. | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. ................................................. | _____ |
| Docket fees under 28 U.S.C. 1923 .................................................... | _____ |
| Costs as shown on Mandate of Court of Appeals ....................................... | _____ |
| Compensation of court-appointed experts ............................................. | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | _____ |
| Other costs *(please itemize)* ........................................................ | _____ |
| **TOTAL** | **$ 0.00** |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

　　　　I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☐　　Electronic service　　　　☐　　First class mail, postage prepaid

☐　　Other: _____

　　　s/ Attorney:　_____

　　　　　Name of Attorney: _____

For: _____　　　　　　　Date: _____
<br>　　　　　*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

_____　　By: _____　　_____
<br>　　　*Clerk of Court*　　　　　　　　　　　　　　　　*Deputy Clerk*　　　　　　　　　　　　*Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) ||||||||
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE || SUBSISTENCE || MILEAGE || Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

### NOTICE

Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

See also Section 1920 of Title 28, which reads in part as follows:
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

The Federal Rules of Civil Procedure contain the following provisions:
RULE 54(d)(1)

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

RULE 6

(d) Additional Time After Certain Kinds of Service.

    When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

RULE 58(e)

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.